CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RKJ
JAN 19 2010
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL WILLIAM BRODERICK,<br>Plaintiff, | Civil Action No. 7:09-cv-00247 |
| v. | MEMORANDUM OPINION |
| ROANOKE COUNTY SALEM CITY<br>JAIL, et al.,<br>Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Michael William Broderick, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 42 U.S.C. § 1343. Plaintiff names as defendants the Roanoke County Salem City Jail ("Jail"), Sgt. Kaiser, Medic Smith, Lt. Dorton, and the Sheriff. Plaintiff alleges he received injuries from ineffective medical assistance and the Jail's slippery showers. The court conditionally filed the complaint, advised plaintiff that he failed to state a claim, and provided him an opportunity to submit additional allegations to support his claims. Plaintiff responded, making the matter ripe for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts. Plaintiff slipped and fell in the Jail shower on February 16, 2009, because the sandy "grit" surface was worn off the floor. (Resp. (docket #10) 1.) Plaintiff cut his face and injured his back from the fall. Jail staff took plaintiff to a hospital emergency room for treatment. Plaintiff received morphine and Xanax and prescriptions for Lortab and Flexirill just after midnight on February 17th. Plaintiff returned to the Jail later that morning, the morphine wore off, his pain increased, and he asked a deputy for medication. The

deputy told plaintiff that he had to wait until the pharmacy opened. Plaintiff did not receive medication by noon when Medic Smith brought plaintiff his lunch tray and told plaintiff he would get his medicine after plaintiff ate his lunch. (Id. 2.) Medic Smith left the tray on the sink, and plaintiff tried to walk to the sink but fell and cut his face. Plaintiff managed to knock on the door, and Medic Smith opened the door, asked plaintiff what happened, heard plaintiff say he fell, and helped plaintiff back into bed. Medic Smith gave plaintiff his lunch tray on the bed, left the cell, and returned with plaintiff's pain medication, gauze, and medical tape. Medic Smith treated the cut on plaintiff's face and left the cell. Lt. Dorton said the Jail would repair the slippery surface in the shower, which it did, but the repaired grit wore off again within a week.

From February 17 - 23 "and beyond," 2009, plaintiff had blood in his urine. (Id. 3.) "Nobody in medical did anything about it until" February 23rd when a deputy sent plaintiff to the hospital emergency room. The hospital ran tests and said they could not determine what caused the blood in his urine. The hospital staff ordered that plaintiff see a urologist within ten days. Plaintiff was never taken. Plaintiff filed grievances, and Sgt. Kaiser said that the Jail would take him back to the hospital emergency room and hope there was a urologist on duty. The Jail took plaintiff back to the hospital to see a urologist, but no urologist was on duty at that time. Plaintiff has not seen a urologist as of July 15, 2009, but he states he only currently has problems with "excessive drainage of urine and a significant (80%) decrease of seminal ejacu[late]." (Id. 4.) Petitioner does not allege that he still has blood in his urine.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C.

2

§§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, neither a city jail nor a sheriff is considered a "person" subject to liability under

3

§ 1983. See McCoy v. Chesapeake Corr. Center, 788 F. Supp. 890 (E.D. Va. 1992) (reasoning local jails and the Sheriff are part of the Commonwealth of Virginia and are not appropriate defendants in a § 1983 damages action). Furthermore, claims of a facility's negligence to prevent slip and falls in a shower do not invoke constitutional protections. See, e.g., Whitley v. Albers, 475 U.S. 312, 319 (1986) ("To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety.").

A plaintiff must show that a defendant acted with deliberate indifference to a serious medical need in order to state a claim under the Eighth Amendment for ineffective medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976). In order to show deliberate indifference, a public official must have been personally aware of facts indicating a substantial risk of serious harm, and the official must have actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). However, the prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. Non-medical prison employees can be found to have acted with deliberate indifference if they intentionally delay or deny an inmate access to medical care or intentionally interfere with his prescribed treatment. Estelle, 429 U.S. 104-05. However, claims of medical malpractice and negligent diagnosis are not cognizable in a § 1983 proceeding. Id. See Sosebee, 797 F.2d at 179; Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (noting that treating doctors must actually draw the inference that an inmate's symptoms signify the presence of a particular

condition and that a failure to draw such an inference may present a claim for negligence, but not a claim under the Eighth Amendment). A prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam). A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. Sosebee, 797 F.2d at 181-83.

To bring an ineffective medical treatment claim against non-medical prison personnel, plaintiff must show that such officials were personally involved with a denial of treatment, deliberately interfered with a prison doctor's treatment, or tacitly authorized or were deliberately indifferent to the prison physician's misconduct where even a lay person would understand that the medical care provider is being deliberately indifferent. Miltier, 896 F.2d at 854. Supervisory prison officials are entitled to rely on the professional judgment of trained medical personnel. Id. Supervisory liability is not established merely by showing that a subordinate was deliberately indifferent to a plaintiff's needs. Id.

Plaintiff fails to state a claim against Sgt. Kaiser, Medic Smith, and Lt. Dorton. Plaintiff's own admissions illustrate he received continued care that negates a claim of deliberate indifference. Jail staff promptly and frequently brought plaintiff to the hospital for evaluation and treatment, and Medic Smith promptly treated plaintiff's cut face. Furthermore, plaintiff fails to establish a serious medical need about traces of blood in his urine. Plaintiff admits that it occurred for a period of six days "and beyond," but he does not allege that he continued to excrete blood in his urine. I am not persuaded that plaintiff's own evaluations, even taken as

5

true, that he urinates more and ejaculates less constitutes a serious medical need under the Eighth Amendment. See Sosebee, 797 F.2d at 181-83. Accordingly, I dismiss the complaint for failing to state a claim upon which relief may be granted.

III.

For the foregoing reasons, I dismiss the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 19th day of January, 2010.

/s/ Jackson L. Kiser<br>
Senior United States District Judge